1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROTEGO HOLDINGS CORPORATION,

                    Plaintiff,

     v.

BLACKIE CAPITAL INC., et al.,

                 Defendants.

CASE NO. 2:25-cv-00535-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. Plaintiff Protego Holdings Corporation ("Protego") filed its complaint in this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 3 (citing 28 U.S.C. § 1332(a)(1)). However, the record does not show that complete diversity exists. The Court therefore orders Protego to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

1   *AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction,

2   Protego has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152,

3   1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction,

4   the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

5        Protego alleges that this Court has jurisdiction over this case under 28 U.S.C. § 1332(a).

6   Dkt. No. 1 at 3. Under that statute, district courts have original jurisdiction when the amount in

7   controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §

8   1332(a)(1). Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen

9   of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*,

10  545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State

11  as a single defendant deprives the district court of original diversity jurisdiction over the entire

12  action.").

13       Here, Protego fails to adequately allege Defendants' citizenship in almost every

14  conceivable way, as described below.

15       1.  Corporation Defendants. A corporation is "a citizen of every State and foreign state by

16          which it has been incorporated and of the State or foreign state where it has its principal

17          place of business[.]" 28 U.S.C. § 1332(c)(1). Protego has failed to adequately allege

18          the citizenship of all corporations it has named as Defendants.

19              a.  Protego alleges that Blackie Capital Inc. "is [a] corporation, with its principal

20                  place of business located in Frisco, Texas," but does not allege its state of

21                  incorporation. Dkt. No. 1 at 4.

22              b.  Protego alleges that Egan-Jones Ratings Company "is headquartered in the

23                  State of Pennsylvania," *id.* at 5, but does not identify whether it is a corporation,

24                  and if so, what its state of incorporation is.

c. Protego fails to allege the form of Blackie Capital Global Family Trust Company, only stating that it "is believed to be created in the State of Nevada." *Id.* at 4. To the extent this entity is a corporation, Protego fails to specifically allege its state of incorporation or its principal place of business.

d. The complaint identifies Arthur W. Wood Company, Inc. as being "located in the State of Massachusetts," *id.* at 5, but it is unclear whether this is its principal place of business, state of incorporation, both, or neither.

2. <u>Limited Liability Defendants</u>. Limited liability companies and partnerships are "citizen[s] of every state of which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction."). Protego has failed to adequately allege the citizenship of all such entities it has named as Defendants.

a. Protego alleges that Defendant Akerman LLP is a limited liability partnership formed in the State of Florida, with its principal place of business in Miami, Florida, and with offices throughout the United States. Dkt. No. 1 at 5. Protego fails to allege its members or their states of citizenship.

b. Protego also alleges that Defendant Sherri R. Scheffer, CPA, PLLC, "is believed to be a professional corporation" based in Houston, Texas. *Id.* at 5. Protego fails to allege its members or their states of citizenship.

3.  <u>Individual Defendants</u>. A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter v. Waner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Thus, "[a] person residing in a given state is not necessarily domiciled there, and . . . is not necessarily a citizen of that state." *Id.* Protego has failed to adequately allege the citizenship of all individuals it has named as Defendants.

    a.  Protego alleges the states in which individual Defendants Nathan Barron, Michael Mulhall, Mark Urbina,[1] Yoseph Elkaim, and Sherri Scheffer reside, *id.* at 4–5, but fails to make any allegations about their states of domicile, *see generally id.* And finally, Protego fails to make any allegations whatsoever regarding the citizenship of individual Defendants Michael Barron and Theresa Barron. Dkt. No. 1 at 4.

    For all these reasons, Protego has utterly failed to meet its burden to demonstrate that this action is between citizens of different states. Accordingly, within 14 days of the date of this Order, Protego is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

    Dated this 1st day of April, 2025.

    *Lauren King*
    Lauren King
    United States District Judge

---

[1] Mark Urbina is listed in the "parties" section of the complaint but not in the caption. Dkt. No. 1 at 1, 4.