UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTEGO HOLDINGS CORPORATION, | CASE NO. 2:25-cv-00535-LK |
| Plaintiff, | SECOND ORDER TO SHOW CAUSE |
| v. | |
| BLACKIE CAPITAL INC., et al., | |
| Defendants. | |

    This matter comes before the Court sua sponte. Plaintiff Protego Holdings Corporation filed its complaint in this Court on the basis of diversity jurisdiction. Dkt. No. 13 at 3 (citing 28 U.S.C. § 1332(a)(1)). Protego is a citizen of Washington state. *Id.* at 4. On May 20, 2025, Defendant Akerman LLP filed a Corporate and Diversity Disclosure Statement indicating that it too is a citizen of Washington. Dkt. No. 30 at 20.

    As the Court has previously explained, Dkt. No. 7, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the

SECOND ORDER TO SHOW CAUSE - 1

court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction, Protego has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Limited liability partnerships like Akerman are "citizen[s] of every state of which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction."). According to Akerman's corporate and diversity disclosure statement, at least one of its partners is a citizen of the State of Washington, destroying diversity in this case. Dkt. No. 30 at 20. Accordingly, Protego is ORDERED to SHOW CAUSE within 14 days of the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 21st day of May, 2025.

Lauren King
United States District Judge

SECOND ORDER TO SHOW CAUSE - 2